[No. 19147.   Department Two.   September 1, 1925.]

MARGARET A. McINNIS, *Appellant,* v. JOHN C. SQUIRES
*et al., Respondents.*[1]

NEGLIGENCE (3, 38)—FIRES—EVIDENCE—SUFFICIENCY.  Negligence
in setting fire to a building in thawing out pipes is a question for
the jury, where it appears that the pipes to be thawed were sur-
rounded by sawdust and shavings, that a fire started where defend-
ants had done their work shortly afterwards, and was thought to
have been extinguished, and in the opinion of the fire chief, the fire
originated at that place.

SAME (3, 38).  In such a case, plaintiffs are not guilty of con-
tributory negligence, as a matter of law, from the fact that they
quenched the fire when first discovered, believing that it was ex-
tinguished, and failed to make sure of it, or call the fire department.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered September 20,
1924, upon granting a nonsuit, dismissing an action in
tort.   Reversed.

*Allen, Winston & Allen,* for appellant.
*Turner, Nuzum & Nuzum,* for respondents.

MACKINTOSH, J.—The appellant, on January 3, 1924,
owned a house in Spokane, and the respondents are
plumbers. On that very cold day, the water pipes under
the kitchen sink were frozen and the appellant's tenants
called the respondents to thaw them out. The complaint
charges that the thawing was negligently done and re-
sulted in the destruction of appellant's property by
fire.   The case was taken from the jury at the close of
appellant's testimony and judgment entered for the
respondents, from which this appeal is conducted.

The evidence showed that the respondents, in re-
sponse to telephonic request, came to the house be-
tween eight and nine in the morning to thaw the pipes,
situated between the ground and the kitchen floor; that

[1]Reported in 238 Pac. 925.

there was nothing under the house in which to build a fire, the house being heated by stoves located in the rooms on the ground floor. The pipes to be thawed were surrounded by sawdust and shavings. The respondents did their work without observation of it by the appellant or her tenants and left the house before noon. The husband tenant, returning from his work, reached the house about five in the afternoon and detected a slight odor of smoke; and while at dinner, between seven and eight o'clock, discovered a fire under the kitchen and around the water pipes. A hose was procured from a neighbor who had rented the house for the appellant to the tenants and collected the rent for her, and by the use of the hose the husband tenant put out the fire, as he thought. He remained up until about midnight, and until that time there was no further smoke or evidence of fire. Before retiring, he banked the fire in the kitchen stove for the night. The wife tenant was awakened by fire, which was discovered to be in the kitchen in the vicinity of the stove and over the place under the house where the fire had been found earlier in the evening. The assistant fire chief, who answered the fire alarm and examined the premises following the fire, gave it as his opinion that the fire which did the damage here sued for originated under the kitchen floor at the place where it was burning when first discovered in the evening by the husband tenant. There was no proof of the method used by the respondents in doing the thawing.

Was there enough evidence to allow the case to be submitted to a jury? We think that there was. There was proof that the fire started from the place where the respondents had worked. There was proof that a fire had, a few hours earlier, started in shavings and sawdust around the pipes which the respondents thawed. From this, there is the legitimate inference

that the heat used by the respondents in their work came from the application of fire to the pipes. The proof of the negligence in such use arises from the fact that a fire was discovered, which was thought to have been extinguished, which must have resulted from the respondents' acts, and the thawing of pipes, ordinarily and carefully done, is not accompanied by the ignition of the adjacent building. To submit the appellant's case to the jury would not be allowing it to return a verdict upon conjecture and suspicion.

Respondents seek to sustain the judgment on the further ground that the husband tenant quenched the fire in the evening, and that therefore the second fire could not have come from below the floor. He thought that he had done so, but the jury had, under the testimony, a right to say that he was mistaken in his belief.

The respondents deny the right to a recovery on the additional ground that the neighbor who was told of the first fire and furnished the hose for its extinction was the agent of the appellant, and that she was negligent in not seeing that the first fire was put out, or in not calling the fire department. Under the circumstances shown here, the court could not say that she was negligent, as a matter of law. Nor can it say that of the conduct of the husband tenant, who, it is argued, became the agent of the appellant by having delegated to him by her agent the duty to put out the first fire.

Judgment reversed.

TOLMAN, C. J., FULLERTON, and MITCHELL, JJ., concur.

HOLCOMB, J., dissents.